J-S44040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILFREDO TERRADO SMITH | |
| Appellant | No. 371 WDA 2015 |

Appeal from the PCRA Order February 10, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000196-2011

BEFORE:  LAZARUS, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED NOVEMBER 10, 2015**

Wilfredo Terrado Smith appeals from the order of the Court of Common Pleas of Fayette County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  Upon review, we reverse and remand with instructions.

Smith was convicted of delivery of a controlled substance[2] and other related charges after a jury trial on September 8, 2011.  On October 6, 2011, Smith was sentenced to two to four years' incarceration.  Smith filed a timely *pro se* direct appeal of his judgment of sentence, despite the fact that

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 35 P.S. § 780-113(a)(30).

trial counsel had not withdrawn from the case. This Court returned the appeal for, among other things, failing to pay the filing fee.

On March 15, 2012, Smith filed a PCRA petition, which resulted in the reinstatement of his direct appeal rights on June 20, 2013. Thereafter, a timely direct appeal resulted in this Court affirming Smith's judgment of sentence on March 13, 2014. **See Commonwealth v. Smith**, 100 A.3d 306 (Pa. Super. 2014) (unpublished memorandum). On September 12, 2014, Smith filed the PCRA petition that is the subject of the instant appeal. The PCRA court granted appointed counsel's motion to withdraw[3] on January 14, 2015. The PCRA court dismissed Smith's petition without a hearing on February 10, 2015, and this timely appeal followed.

On appeal, Smith raises the following issues:

1. Did the [PCRA] court err in dismissing [Smith's] PCRA without a hearing, based on it being a second petition and untimely?

2. Did the [PCRA] court err in denying [Smith's] PCRA without an evidentiary hearing, when [the court] did not address a **Batson** claim that was brought up in [Smith's] *pro se* petition[?]

Brief for Appellant, at 4.

Our standard and scope of review for the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law

_____

[3] The motion to withdraw was filed pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

- 2 -

to determine whether they are free from legal error. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. ***Id.***

We begin by considering the PCRA court's decision to deny Smith's petition for lack of jurisdiction as an untimely filed second PCRA petition. A PCRA petition must be filed within one year of the date the petitioner's judgment of sentence became final, unless the petitioner pleads and proves a timeliness exception. 42 Pa.C.S. § 9545(b). However, "[w]hen a petitioner is granted a direct appeal *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition is considered a first PCRA petition for timeliness purposes. ***Commonwealth v. Karanicolas***, 836 A.2d 940, 944 (Pa. Super. 2003).

Here, Smith's direct appeal rights were reinstated as a result of his first PCRA petition. His direct appeal concluded on March 14, 2014, when this Court affirmed his judgment of sentence, and became final on April 13, 2014, at the expiration of the time to seek review in our Supreme Court. 42 Pa.C.S. § 9545(b)(3). Smith therefore had until April 13, 2015, to file a timely PCRA petition. ***See Commonwealth v. Turner***, 73 A.3d 1283, 1286 (Pa. Super. 2013) (one-year time period for filing PCRA petition restarts based upon expiration of time to seek review through reinstated direct appeal rights). Smith filed his current PCRA petition on September 12, 2014, within a year of the date his judgment of sentence became final.

Thus, Smith's petition is considered to be a timely first PCRA petition. ***Karanicolas***, ***supra***.

Instantly, the PCRA court did not address the merits of Smith's petition since it determined that it lacked jurisdiction to do so. Furthermore, the PCRA court permitted counsel to withdraw based upon counsel's ***Turner***/***Finley*** motion, but also did not provide any independent analysis at that time to support its decision. However, in ***Commonwealth v. Fulton***, 876 A.2d 342 (Pa. 2002), our Supreme Court determined that it was error for the PCRA court to rely on counsel's no-merit letter in lieu of preparing an independent opinion, noting:

> A central concern in our decisions in this area has to do with the proper function of the trial courts and the necessity of articulating the court's independent judicial analysis in support of dispositive orders so as to better focus appeals and better facilitate the appellate function. The need for such an independent judicial analysis does not depend upon the type of crime for which the defendant was convicted, as this function is no less defeated by the absence of independent judicial reasoning in a non-capital case than in a capital case. This is particularly so where, as here, the PCRA petition was summarily dismissed without a hearing.

***Id.*** at 345.

Accordingly, for the reasons set forth in ***Fulton***, ***supra***, we remand for further proceedings consistent with this memorandum.

Case remanded. Order vacated. Jurisdiction relinquished.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2015