J-S51012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC M. VONSCHLICHTEN | |
| Appellant | No. 201 EDA 2016 |

Appeal from the PCRA Order December 15, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0001208-2010;
CP-48-CR-0001209-2010; CP-48-CR-0001210-2010;
CP-48-CR-0001211-2010; CP-48-CR-0001447-2010

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED June 24, 2016**

Appellant, Eric M. VonSchlichten,[1] appeals *pro se* from the order entered in the Northampton County Court of Common Pleas, dismissing his second petition filed under the Post-Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.[2]  On February 9, 2011, a jury convicted Appellant

---

[1]  Appellant's surname is spelled variously throughout the record as: "VonSchlichten," "vonSchlichten," "Von Schlichten," and "Vonschlichten."

[2] The record indicates Appellant's mother filed for *habeas corpus* relief on behalf of Appellant, ostensibly as his power of attorney, because Appellant is mentally challenged.  The court will consider any petition for post-conviction collateral relief as a PCRA petition, even if framed as a request for *habeas corpus*, if petition raises issues for which relief sought is available under the PCRA.  ***See Commonwealth v. Peterkin***, 554 Pa 547, 722 A.2d 638, 639 (1998); 42 Pa.C.S.A. § 9542.

---

*Retired Senior Judge assigned to the Superior Court.

of three counts of indecent exposure and two counts open lewdness at docket numbers CP-48-CR-0001208-2010, CP-48-CR-0001209-2010, and CP-48-CR-0001210-2010. The court sentenced Appellant on March 21, 2011 to 3 to 23 months' imprisonment and 13 years and one month of probation. The court subsequently revoked probation and resentenced Appellant to a term of one to five years' incarceration, with credit for time served, on September 6, 2013. This Court affirmed on November 30, 2012, and the Supreme Court denied Appellant's petition for allowance of appeal on July 23, 2013. *Commonwealth v. VonSchlichten*, 63 A.3d 841 (Pa.Super. 2012), *appeal denied*, 620 Pa. 731, 70 A.3d 811 (2013). Given the credit for time served, the record indicates Appellant's sentence at these dockets maxed out on July 31, 2015.

At docket numbers CP-48-CR-0001211-2010 and CP-48-R-0001447-2010, following a bench trial, the court convicted Appellant of two counts of harassment and one count of disorderly conduct on April 27, 2011. That same day, the court sentenced Appellant to ninety days' imprisonment concurrent to the sentence he was already serving. This Court affirmed the harassment convictions but reversed and vacated the disorderly conduct conviction on March 27, 2012; the Supreme Court denied Appellant's petition for allowance of appeal on December 19, 2012. *Commonwealth v. VonSchlichten*, 47 A.3d 1256 (Pa.Super. 2012), *appeal denied*, 619 Pa. 673, 60 A.3d 536 (2012). The record indicates Appellant's sentence at these dockets maxed out on July 26, 2011.

On July 23, 2014, Appellant filed his first PCRA petition. On July 31, 2015, the court granted Appellant credit for time served in excess of his maximum five-year sentence and ordered Appellant's release from prison. The court also rendered Appellant's PCRA petition moot because Appellant was no longer serving his sentence.

On September 8, 2015, Appellant filed the current PCRA petition at all docket numbers. The court appointed PCRA counsel, who submitted a no-merit letter pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). On November 18, 2015, the PCRA court issued notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907. Appellant *pro se* responded to the notice on November 27, 2015, and December 7, 2015. On December 15, 2015, the PCRA court dismissed Appellant's petition and permitted PCRA counsel to withdraw. On January 8, 2016, Appellant *pro se* timely filed a notice of appeal. On January 9, 2016, the PCRA court ordered Appellant to file a Rule 1925(b) statement; Appellant timely complied on February 5, 2016.[3]

_____

[3] In dismissing Appellant's PCRA petition, the court relied completely on appointed counsel's "No Merit Letter" as the basis for dismissal. As a general rule, a trial court cannot rely on a party's brief in lieu of a Rule 1925(a) opinion to explain the bases for its rulings. This approach is impermissible under current law. **See Commonwealth v. Fulton**, 583 Pa. 65, 876 A.2d 342 (2002) (reiterating need for articulation of independent judicial analysis of PCRA petition, "in support of dispositive orders so as to better focus appeals and better facilitate the appellate function");
*(Footnote Continued Next Page)*

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008). Petitioner must file a PCRA petition within one year of the date underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). For purposes of the PCRA, judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). To obtain review of a PCRA petition filed more than one year after petitioner's sentence becomes final, the petitioner must allege and prove government interference, new facts, or that the right asserted is constitutional and applies retroactively. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii); **Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000). Further, to be eligible for PCRA relief, petitioner must be "currently serving a sentence of imprisonment, probation, or parole for the crime…." 42 Pa.C.S.A. § 9545(a)(1)(i). Thus, PCRA relief is not possible if petitioner has completed his sentence. **Commonwealth v. Hart**, 911 A.2d 939, 941-42 (Pa.Super. 2006).

_(Footnote Continued)_ ─────────────────

**Commonwealth v. Williams**, 557 Pa. 207, 732 A.2d 1167 (1999) (stating same). In many cases where the trial court has adopted wholesale a party's brief or no-merit letter, or remained silent and declined to address any issues, the appellate court has remanded for a trial court opinion. Nevertheless, we do not need to remand for an independent Rule 1925(a) opinion in this case, as the record makes clear Appellant's petition was untimely, without exceptions, and he is no longer eligible for relief in any event.

Instantly, Appellant's judgment of sentence for CP-48-CR-0001208-2010, CP-48-CR-0001209-2010, and CP-48-CR-0001210-2010 became final on October 21, 2013, upon expiration of the 90-day time period in which to file a petition for *certiorari* with the United States Supreme Court. **See** U.S.Sup.Ct. Rule 13. For PCRA purposes, Appellant had until October 21, 2014, to file a petition regarding these convictions. Appellant's judgment of sentence for CP-48-CR-0001211-2010 and CP-48-R-0001447-2010 became final on March 19, 2013, upon expiration of the 90-day time period in which to file a petition for *certiorari* with the United States Supreme Court. **See** *id.* For PCRA purposes, Appellant had until March 19, 2014, to file a petition regarding these convictions.

Appellant filed his current petition on September 8, 2015; therefore, Appellant's current petition is untimely on its face as to all the convictions. Moreover, Appellant does not allege any coherent exception to the PCRA time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). In any case, Appellant is ineligible for PCRA relief because he is no longer serving a sentence at these dockets. **See** 42 Pa.C.S.A. § 9545(a)(1)(i); **Hart, supra**. Thus, the PCRA court properly dismissed Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/24/2016</u>