J-S59004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER DICKENSON | : | |
| | : | |
| Appellant | : | No. 583 EDA 2017 |

Appeal from the PCRA Order January 27, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010487-2012

BEFORE: GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED NOVEMBER 06, 2018**

Appellant, Christopher Dickenson, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this case are as follows. Following a bench trial on September 10, 2013, the court convicted Appellant of aggravated assault, simple assault, and recklessly endangering another person. On March 20, 2014, the court imposed a sentence of 4 to 8 years' incarceration, plus 5 years' probation. Appellant filed a timely post-sentence motion for reconsideration on March 28, 2014, which the court denied on May 6, 2014. Appellant sought no appellate review.

On August 28, 2014, Appellant timely filed his first *pro se* PCRA petition.

The PCRA court appointed counsel, who filed an amended PCRA petition on May 4, 2016. The court failed to issue notice of its intent to dismiss without a hearing, per Pa.R.Crim.P. 907 but, on January 27, 2017, the court dismissed Appellant's PCRA petition.[1] Appellant filed a timely notice of appeal on February 13, 2017. The court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and none was filed.

Appellant raises the following issues for our review:

> WHETHER THE COURT ERRED IN DENYING…APPELLANT'S PCRA PETITION WITHOUT AN EVIDENTIARY HEARING ON THE ISSUES RAISED IN THE AMENDED PCRA PETITION REGARDING COUNSEL'S INEFFECTIVENESS[?]
>
> WHETHER THE COURT ERRED IN NOT GRANTING RELIEF ON THE PCRA PETITION ALLEGING COUNSEL WAS INEFFECTIVE[?]

(Appellant's Brief at 8).

Appellant argues trial counsel was ineffective for failing to file a post-sentence motion challenging the verdict as against the weight of the evidence. Appellant alleges his underlying claim is meritorious because the

---

[1] Rule 907 notice is mandatory. **Commonwealth v. Guthrie**, 749 A.2d 502 (Pa.Super. 2000). **See also Commonwealth v. Feighery**, 661 A.2d 437 (Pa.Super. 1995) (explaining notice requirement of intention to dismiss is mandatory; vacating and remanding for fulfillment of notice requirement). Nevertheless, the failure to challenge on appeal the absence of Rule 907 notice constitutes waiver of that claim. **Commonwealth v. Taylor**, 65 A.3d 462 (Pa.Super. 2013); **Commonwealth v. Williams**, 909 A.2d 383 (Pa.Super. 2006). Here, Appellant did not complain of the lack of Rule 907 notice, so we will give it no further attention.

Commonwealth presented inconsistent evidence throughout trial. Appellant maintains the altercation was a mutual fight between Appellant and complainant over a woman. Appellant contends complainant provided conflicting testimony regarding his knowledge of a relationship between Appellant and the woman. Appellant also asserts the Commonwealth failed to provide hospital records to substantiate complainant's testimony about his injuries.

Appellant further claims trial counsel had no reasonable strategy for failing to raise a weight issue post-sentence, as doing so effectively waived the issue for appeal. Appellant reasons that if he had established the verdict was against the weight of the evidence, his conviction would have been vacated and his constitutional right to avoid double jeopardy would have precluded the Commonwealth from recharging him with the same offense. Finally, Appellant asserts the PCRA court should have granted him an evidentiary hearing to determine whether Appellant ever requested trial counsel to challenge the weight of the evidence and trial counsel's reasons for failing to do so. Appellant concludes we must reverse the PCRA court's order and grant Appellant a discharge, a new trial, or at least a PCRA evidentiary hearing. We disagree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. ***Commonwealth v. Conway***,

14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. ***Commonwealth v. Wah***, 42 A.3d 335 (Pa.Super. 2012).

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Williams***, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Williams, supra***.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis

for the assertion of ineffectiveness is of arguable merit…." ***Commonwealth v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

***Pierce, supra*** at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [***Kimball, supra***], we held that a "criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

***Commonwealth v. Chambers***, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

The following principles apply to a weight of the evidence claim:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> ***Commonwealth v. Small***, 559 Pa. 423, [435,] 741 A.2d

666, 672-73 (1999). Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Champney***, 574 Pa. 435, 444, 832 A.2d 403, 408

(2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004)

(most internal citations omitted).

Instantly, the PCRA court reasoned:

In the Amended PCRA Petition, [Appellant] fails to allege that he ever asked his trial counsel to file any post-verdict motion challenging the weight of the evidence and a review of the record shows the same. Therefore, [Appellant's] claim must fail.

\* \* \*

Although it is quite evident that [Appellant] did not ask counsel to [challenge the weight of the evidence;] even if he had made the request in a timely manner, [Appellant's] claim still fails to establish any measures for ineffective assistance of counsel. First, [Appellant's] underlying claim has no arguable merit. [Appellant] argues his claim has merit because "the prosecution's case was built on mere speculation and pure conjecture." Supporting this argument, [Appellant] cites one perceived conflict in testimony involving how the complaining victim knew a woman when [Appellant] argues that "first [the complainant] denied that he knew of any connection between [Appellant] and [the woman] and then on cross examination testified he was aware of the connection." The notion that [Appellant] has a right to a new trial because of a single [potentially] insignificant inconsistency is wholly frivolous. As stated in ***Commonwealth v. Widmer***, "A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." ***See Commonwealth v. Widmer***, 560 Pa. 308, 319-20, [744

- 6 -

A.2d 745, 752] (2000). The trial record reflects the fact finder had properly resolved the conflict in the testimony within the evaluation of all evidence.

[Appellant's] claim also fails because the entire trial record reflects that counsel performed reasonably and there was no ineffectiveness that prejudiced [Appellant]. At trial and at sentencing trial counsel vigorously argued that the elements of Aggravated Assault had not been proven and similarly that the attack at issue did not rise beyond a Simple Assault level. The trial court disagreed with the clear and cogent arguments raised by defense counsel. More importantly the recorded testimony and physical evidence introduced at trial soundly supported the verdicts of guilty as to all charges.

"Counsel cannot be deemed ineffective for failing to pursue a meritless claim." *Commonwealth v. Daniels*, 947 A.2d 795, 798 (Pa.Super. 2008). The trial court deemed the recorded witness testimony to be credible and corroborated by physical documents such as pictures displaying the injuries sustained by the victim. The overwhelming evidence soundly supported the trial court's verdicts of guilty as to all charges. As such, trial counsel cannot be faulted for not filing or arguing the baseless post-verdict motion concerning weight of the evidence even if he was requested to do so by [Appellant]. No prejudice could have resulted from the lack of filing of this frivolous argument. The claim fails for lack of merit.

**Conclusion**

For the reasons stated above, there is no legitimate basis for relief for the claims contained within the Amended PCRA Petition, filed on [Appellant's] behalf [through] his appointed counsel and which incorporated the claims cited within the originally filed *pro se* PCRA Petition. [Appellant's] request to vacate the Order of Sentence was properly denied by the Order entered by this Court on January 27, 2017.

(PCRA Court Opinion, filed January 22, 2018, at 15-17) (some internal

citations omitted). The record supports the PCRA court's decision to deny

Appellant relief on the grounds asserted.[2]  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/18

---

[2] Our Supreme Court has expressly disapproved of the practice of courts making wholesale adoptions of one party's position.  *See, e.g., Commonwealth v. (Roy L.) Williams*, 557 Pa. 207, 224-25, 732 A.2d 1167, 1176 (1999) (acknowledging there is no prohibition for court to adopt portions of advocate's arguments in support of judicial disposition; refusing, however, to condone wholesale adoption of advocate's stance in court's disposition of post-conviction case involving review of death sentence).  *See also Commonwealth v. Fulton*, 583 Pa. 65, 71, 876 A.2d 342, 345 (2002) (extending Supreme Court's disapproval beyond capital cases and stressing importance of court providing independent judicial analysis).

Here, the trial court opinion first expressly adopted the legal analysis contained in the Commonwealth's motion to dismiss Appellant's amended PCRA petition.  The court then proceeded to provide its own legal analysis in support of its decision.  Prevailing precedent requires the court to refrain in the future from stating a wholesale adoption of one party's position.