J-S09037-19

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH A. DILTS, | : | |
| | : | |
| Appellant | : | No. 1293 WDA 2018 |

Appeal from the PCRA Order Entered August 6, 2018
in the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000207-2015

BEFORE:    PANELLA, P.J., LAZARUS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                    FILED APRIL 25, 2019

Kenneth A. Dilts (Appellant) appeals pro se from the August 6, 2018 order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we affirm.

On September 16, 2015, Appellant pleaded guilty to one count of failure to comply with Megan's Law[1] registration requirements.  N.T., 9/16/2015, at 3.  He was sentenced the same day to serve 40 to 80 months of incarceration to be followed by 40 months of probation.  Neither a post-sentence motion nor a direct appeal was filed.

---

[1] 18 Pa.C.S. § 4915.1(a)(1) (failing to register with the Pennsylvania State Police).  Appellant had been convicted of rape and other related offenses in Clarion County on September 29, 1999, requiring him to register for life as a sex offender.

* Retired Senior Judge assigned to the Superior Court.

In June of 2018,[2] Appellant wrote a letter to the trial court, which the trial court construed to be Appellant's first PCRA petition. On June 21, 2018, the PCRA court appointed counsel to represent Appellant, and on July 13, 2018, counsel filed a petition to withdraw and no-merit letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc). Specifically, PCRA counsel concluded that Appellant's petition was untimely filed, and our Supreme Court's decision in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017) (holding that certain registration provisions of Pennsylvania's Sex Offender Registration and Notification Act (SORNA) are punitive and retroactive application of those provisions violates the federal ex post facto clause, as well as the ex post facto clause of the Pennsylvania constitution), was not applicable to Appellant retroactively in this untimely-filed PCRA petition. Counsel's No-Merit Letter, 7/13/2018, at 4-5. See Commonwealth v. Murphy, 1880 A.3d 402 (Pa. Super. 2018).[3]

---

[2] Because this filing is not included in the certified record, the exact date is unclear, but all parties agree that it occurred in June of 2018. See Appellant's Brief at 3 (stating that he "wrote a letter to the trial court questioning his appeal rights" on June 13, 2018); No-Merit Letter, 7/13/2018, at 2 ("Thereafter [Appellant] posted correspondence to the court dated June 13, 2013…. PCRA counsel was unable to locate and view the correspondence to the court[.]").

[3] PCRA counsel also suggests that Appellant believes his sentence should be vacated based upon our Supreme Court's holding in Commonwealth v. Neiman, 84 A.3d 603 (Pa. 2013) (declaring unconstitutional Act 152, which

(Footnote Continued Next Page)

The PCRA court granted counsel's petition to withdraw, and issued notice of its intent to dismiss Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907. In that notice, the PCRA court stated that it reviewed the no-merit letter, conducted its "own independent review," and concluded that the issues are meritless. Order of Court, 7/16/2018. Appellant did not file a response, and on August 6, 2018, the PCRA court dismissed Appellant's petition. Appellant timely filed a notice of appeal.

The PCRA court issued an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. Appellant timely filed a concise statement raising the issue that Muniz, supra, should apply to him retroactively. Concise Statement, 12/10/2018, at 1. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a), which once again adopted the findings and conclusions set forth in the no-merit letter.[4] PCRA Court Opinion, 12/12/2018.

In considering the issues Appellant presents on appeal, we must address whether this PCRA petition was filed timely, as neither this Court nor

(Footnote Continued) ───────────────
included Megan's Law III provisions). No-Merit Letter, 7/13/2018. PCRA counsel does not provide an analysis of this issue in his no-merit letter.

[4] We note with disapproval the PCRA court's adopting the counsel's no-merit letter as its Pa.R.Crim.P. 907 notice and Pa.R.A.P. 1925(a) opinion. See Commonwealth v. Glover, 738 A.2d 460 (Pa. Super. 1999) (holding that it is improper for a PCRA court to adopt an attorney's no-merit letter in lieu of writing an opinion); Commonwealth v. Fulton, 876 A.2d 342 (Pa. 2002) (holding that the PCRA court erred in adopting Commonwealth's motion to dismiss in lieu of authoring an independent opinion). However, based on our result as discussed infra, we conclude remand is not necessary in this case.

- 3 -

the PCRA court has jurisdiction to address the merits of an untimely-filed petition. Commonwealth v. Leggett, 16 A.3d 1144, 1145 (Pa. Super. 2011).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). Furthermore, the petition "shall be filed within one year of the date the claim could have been presented."[5] 42 Pa.C.S. § 9545(b)(2).

"For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Here, Appellant was sentenced on September 16, 2015, and he did not file a post-sentence motion or direct appeal. Thus, his judgment of sentence became final 30 days later, on October 16, 2015, and he had one year, until October 17, 2016, to file timely a PCRA petition. Thus, Appellant's June 2018 filing is facially untimely, and he was required to plead and prove an exception to the timeliness requirements.

---

[5] On October 24, 2018, this subsection was amended to extend the timeframe from 60 days to one year, effective for claims aising on December 24, 2017 or thereafter. Because Appellant's PCRA petition was filed in June of 2018, one-year timeframe applies.

On appeal, Appellant claims that he satisfies the newly-discovered facts exception pursuant to 42 Pa.C.S. § 9545(b)(1)(ii) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that …the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence."). Appellant's Brief at 4. Appellant argues that the Supreme Court's decision in Neiman, supra, "was known or should have been known to trial counsel prior to Appellant's involuntary plea." Id. at 5. In addition, Appellant argues that he is innocent of the crime to which he pleaded guilty, and trial counsel was ineffective for failing to investigate the underlying facts. Id. at 5-6. Furthermore, Appellant claims that trial counsel was ineffective for failing to file a requested direct appeal, and Appellant did not learn of this failure until he wrote to the trial court in June of 2018. Id. at 7.

First, Appellant did not raise any of the aforementioned issues in his Pa.R.A.P. 1925(b) statement; therefore, they are waived. See Pa.R.A.P. 1925(b)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). Thus, he is not entitled to relief.

Even if Appellant did not waive these issues, he has still not pleaded and proven facts which satisfy the timeliness requirements. "It is well

settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." Commonwealth v. Wharton, 886 A.2d 1120, 1127 (Pa. 2005). Thus, Appellant's suggestions that trial counsel was ineffective for not seeking relief based upon Neiman, supra, and for not investigating Appellant's case more thoroughly, cannot overcome the jurisdictional timeliness requirements.

Finally, with respect to Appellant's contention that trial counsel was ineffective for failing to file a requested direct appeal, Appellant was required to plead when he discovered that no appeal had been filed. In addition, the PCRA requires a petitioner to act with due diligence to make this discovery. 42 Pa.C.S. § 9545(b)(1)(ii). "[D]ue diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." Commonwealth v. Burton, 121 A.3d 1063, 1071 (Pa. Super. 2015). "A petitioner must explain why [he or] she could not have learned the new fact earlier with the exercise of due diligence." Commonwealth v. Shiloh, 170 A.3d 553, 558 (Pa. Super. 2017). Here, Appellant has offered no explanation as to why he waited nearly three years to write to the trial court. Thus, Appellant has not pleaded any facts to support a contention that he acted with due diligence. Thus, even if these issues had been preserved in Appellant's Pa.R.A.P. 1925(b) statement, Appellant would not have been entitled to relief.

Based on the foregoing, we conclude that Appellant's petition was untimely filed, and he has not asserted an exception to the timeliness requirements. Thus, he is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/25/2019