COMMONWEALTH of Pennsylvania, Appellee,

v.

**Jerry J. MARSHALL, Jr., Appellant.**

Supreme Court of Pennsylvania.

Jan. 13, 2000.

### ORDER

PER CURIAM.

AND NOW, this 13th day of January, 2000, the Order of the Court of Common Pleas of Philadelphia County is hereby vacated for failure to comply with Pa. R.A.P.1925(a), and the matter is remanded

1. I also question whether the discovery rule should apply to a claim based upon promissory estoppel. Although the discovery rule, which evolved in the tort context, has been applied by Pennsylvania courts in some discrete categories of cases involving contractual or quasi-contractual claims, *see, e.g., Amodeo v. Ryan Homes, Inc.,* 407 Pa.Super. 448, 453–54, 595 A.2d 1232, 1235 (stating that "the discovery rule does apply to cases involving defective construction"), its use has not been adopted on a wholesale basis in this area, and, notably, other jurisdictions are divided as to its applicability. *Compare Morris v. Fauver,* 153 N.J. 80, 707 A.2d 958, 972 (1998)("the rationale for employing the discovery rule in tort- or fraud-type actions ... does not carry over to most contract actions, and therefore, the discovery rule has not been applied in such suits"); *CLL Assoc. Ltd. v. Arrowhead Pacific Corp.,* 174 Wis.2d 604, 497 N.W.2d 115, 117 (1993)("[i]n the context of general contract law, public policy favors the current rule that the contract statute of limitations begins to run at the time of breach"), *with Heron Financial Corp. v. United States Testing Co.,* 926 S.W.2d 329, 332 (Tex.App. 1996)("a discovery rule analysis applies to both tort and contract actions alike").

to the trial court in order for it to issue an opinion which adequately addresses all of the relevant issues. See *Commonwealth v. Williams*, 557 Pa. 207, 732 A.2d 1167 (1999).