876 A.2d 342

COMMONWEALTH of Pennsylvania, Appellee,

v.

Curtis FULTON, Appellant.

Supreme Court of Pennsylvania.

Submitted Aug. 31, 2001.

Decided May 30, 2002.

Ronald Greenblatt, for Curtis Fulton, Appellant.

Hugh J. Burns, Philadelphia, for Com., Appellee.

Before CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and LAMB, JJ.

## OPINION

Justice CASTILLE.

This Court granted limited discretionary review to resolve two issues: 1) whether trial counsel was ineffective in failing to present evidence of appellant's good character; and 2) whether the Superior Court erred in failing to remand this matter for the PCRA court to file an opinion reflecting its independent consideration of the counsel ineffectiveness claim. For the reasons set forth below, we remand this matter to the PCRA court for preparation of an opinion reflecting its independent judicial analysis of the claim that trial counsel was ineffective for failing to present character evidence, including the trial court's reasoning as to why summary dismissal of the claim was appropriate.

On September 30, 1993, a Philadelphia jury convicted appellant of rape, robbery, involuntary deviate sexual intercourse, conspiracy and possessing an instrument of crime. On January 25, 1994, appellant was sentenced to an aggregate term of twenty to forty years' imprisonment. This was appellant's third trial on these offenses, the first two having resulted in deadlocked juries. On direct appeal, the Superior Court affirmed the judgment of sentence. *See Commonwealth v. Fulton,* 448 Pa.Super. 651, 671 A.2d 768 (1995)(unpublished opinion). This Court denied allocatur. 544 Pa. 668, 677 A.2d 838 (1996). Appellant then filed a pro se petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S §§ 9541 et seq. New counsel was appointed and an amended petition was filed. The Commonwealth filed a Motion to Dismiss. Appellant responded to that Motion. On February

11, 1999, the PCRA court dismissed appellant's amended petition without a hearing.

After appellant appealed to the Superior Court, the PCRA court filed a brief opinion on June 21, 1999, in which it failed to articulate its independent view of why summary dismissal was appropriate, but instead adopted the "discussion" of the issues set forth by the Commonwealth in its Motion to Dismiss "as controlling." On appeal to the Superior Court, appellant claimed that the PCRA court erred in its wholesale adoption of the Commonwealth's Motion to Dismiss. Appellant further argued that, by doing so, the PCRA court applied an incorrect standard for assessing claims of counsel ineffectiveness because the Commonwealth's Motion had cited *Commonwealth v. Buehl*, 540 Pa. 493, 658 A.2d 771 (1995)(plurality opinion), which sets forth a more stringent standard for proving the prejudice prong of the ineffectiveness standard on PRCA review, and this Court later declined to follow the stricter *Buehl* test in *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326, 330 (1999). Appellant also raised five substantive claims, including the claim of counsel ineffectiveness for failing to present character witnesses that is at issue on this appeal.

A divided Superior Court panel affirmed the denial of PCRA relief in a memorandum opinion, with now-President Judge Del Sole dissenting. On the question of the PCRA court's wholesale adoption of the Commonwealth's Motion to Dismiss, the Superior Court majority acknowledged this Court's decision in *Commonwealth v. (Roy) Williams*, 557 Pa. 207, 732 A.2d 1167 (1999). In *(Roy) Williams*, this Court analyzed a similar issue on a capital PCRA appeal as follows:

We recognize the finite resources available to trial courts, and this Court has not prohibited the adoption of portions of a party's arguments in support of a judicial disposition. Certainly Pa.R.A.P. No.1925(a) provides a degree of flexibility in this regard, permitting trial judges, where appropriate, to specify places in the record where reasons may be found for their decisions. We cannot, however, in this post-conviction case involving a review of the propriety of a death sentence, condone the wholesale adoption by the post-con-

viction court of an advocate's brief. This is particularly so where it is alleged that the advocate, here the government, withheld material discovery at trial, suborned false testimony from an eyewitness, and engaged in a pattern of racial discrimination in the process of jury selection. Regardless of the validity of such allegations, the independent role of the judiciary cannot properly be served in this case absent some autonomous judicial expression of the reasons for dismissal.

For this reason alone, a remand is warranted.

732 A.2d at 1176. This author filed a concurring opinion in *(Roy) Williams* emphasizing that the PCRA court's total reliance upon an advocate's filing in support of its disposition amounted to "patently insufficient judicial review because the Commonwealth's brief reflects a spirit of advocacy, whereas a judicial opinion should evidence the reasoning of an impartial decision-maker." *Id.* at 1192 (Castille, J., concurring). The concurrence further stated that the preferred practice of this Court requires remand to the PCRA court "for an opinion which addresses all the relevant issues and which states the court's reasons for denying relief." *Id.* at 1193 (Castille, J., concurring). The concurrence also noted that judicial economy would have been better served had the PCRA court filed a "meaningful opinion" in the first instance. *Id.*

The Superior Court panel majority in the case *sub judice* distinguished *(Roy) Williams* on grounds that the appellant here was not sentenced to death, nor did he allege any government misconduct. The panel majority also opined that, since appellant was alleging trial counsel's ineffectiveness, the court was in a position to provide effective appellate review of the claims notwithstanding the absence of an independent opinion from the PCRA court. Accordingly, although the Superior Court looked with disfavor upon the PCRA court's failure to file an independent opinion, it declined to remand the case.

Turning to the merits of appellant's claims, the panel majority found them all lacking. With specific regard to the claim that trial counsel was ineffective for failing to present evidence

of appellant's alleged good character trait for truthfulness, the panel majority noted that character evidence of the defendant's truthfulness is admissible only if: (1) the defendant's character for truthfulness was attacked by evidence of bad reputation; or (2) the character trait of truthfulness is implicated by the elements of the charged offense(s). Finding neither circumstance implicated here, the panel majority concluded that character evidence of truthfulness would not have been admissible and, therefore, counsel was not ineffective.

Judge Del Sole dissented on both the procedural question and the character evidence question. First, the dissent concluded that the case should have been remanded for "an independent judicial analysis and opinion." In this regard, the dissent noted that, although *(Roy) Williams* was indeed a capital case, the necessity for an independent judicial analysis and resolution of a defendant's claims should not depend upon the crime of which a PCRA petitioner was convicted. The dissent also noted that, in *Commonwealth v. Glover*, 738 A.2d 460 (Pa.Super.1999), a non-capital case, the Superior Court had followed *(Roy) Williams* and held that, where the PCRA court adopts counsel's "no merit" letter rather than setting forth its reasons for dismissal in its own opinion, remand for an independent opinion was required. On the substantive question of counsel ineffectiveness at issue here, the dissent noted that it would have deemed character evidence of defendant's truthfulness admissible because credibility was of paramount importance at this trial.

■ Since our resolution of the question involving the PCRA court's failure to file an independent opinion will affect whether we can proceed to resolve the ineffectiveness claim, we turn to it first. The question of whether a PCRA court's wholesale adoption of an advocate's brief as a substitute for independent judicial review requires remand is a question of law and implicates our supervising authority. As such, our review is plenary. *See Phillips v. A–Best Prods. Co.*, 542 Pa. 124, 665 A.2d 1167, 1170 (1995).

██ *(Roy) Williams* is not this Court's last word on the propriety of a PCRA court adopting a party's response in lieu of issuing an independent opinion. As the Superior Court dissent below noted, this Court has since remanded additional capital matters for the PCRA court to issue an opinion which adequately addresses the relevant issues, by *per curiam* orders accompanied by a citation to *(Roy) Williams. See e.g., Commonwealth v. Marshall,* 560 Pa. 408, 745 A.2d 613 (2000); *Commonwealth v. Wharton,* 560 Pa. 51, 742 A.2d 1051 (1999). *Accord Commonwealth v. Lambert,* 797 A.2d 232 n. 4, 568 Pa. 346 (2001)(noting previous *per curiam* order remanding for PCRA court opinion pursuant to *(Roy) Williams* ); *Commonwealth v. Rainey,* 567 Pa. 271, 786 A.2d 942 (2001). In addition, in another published opinion involving a capital PCRA appeal, this Court again enforced the rule. *See Commonwealth v. (Craig) Williams,* 566 Pa.553, 782 A.2d 517, 522 (2001)(citing *(Roy) Williams,* "the appropriate course is to remand the present case for the preparation of an adequate opinion by the PCRA court.").

██ The Superior Court panel majority is certainly correct that *(Roy) Williams,* as well as the subsequent cases from this Court adverted to above, all involved capital appeals. But we agree with Judge Del Sole below that the capital nature of the case is not necessarily the controlling factor in determining the propriety of a lower court's failure to provide an independent expression of its reasons for summarily dismissing a PCRA petition. A central concern in our decisions in this area has to do with the proper function of the trial courts and the necessity of articulating the court's independent judicial analysis in support of dispositive orders so as to better focus appeals and better facilitate the appellate function. The need for such an independent judicial analysis does not depend upon the type of crime for which the defendant was convicted, as this function is no less defeated by the absence of independent judicial reasoning in a non-capital case than in a capital case. This is particularly so where, as here, the PCRA petition was summarily dismissed without a hearing. Accord-

ingly, we hold that the rule in *(Roy) Williams* applies equally to non-capital criminal cases.[1]

For the reasons set forth above, this case is remanded to the trial court for preparation of an independent opinion on the question of whether appellant was entitled to a PCRA hearing or relief on his claim that trial counsel was ineffective for failing to present evidence of appellant's alleged good character. The opinion shall be filed within sixty days of the date of this Order. Jurisdiction is retained.

Chief Justice ZAPPALA concurs in the result.

---

1. We note that the Commonwealth does not oppose a limited remand should this Court determine that the *(Roy) Williams* rule applies to non-capital cases.