989 A.2d 1

COMMONWEALTH of Pennsylvania, Appellant

v.

George E. BANKS, Appellee.

Supreme Court of Pennsylvania.

Submitted July 1, 2009.

Decided Aug. 27, 2009.

Reargument Denied Oct. 23, 2009.

*ORDER*

PER CURIAM.

AND NOW, this 27th day of August, 2009, the proposed findings that the Court of Common Pleas of Luzerne County set forth contemporaneously with its "order" of September 8, 2008 and then referenced in its "order" of December 23, 2008 are hereby rejected. The presiding judge, former Judge Michael T. Conahan, simply adopted appellee George Banks' counsel's proposed findings of fact and conclusions of law wholesale as his purported "Determination on Competency Issues." That performance violated this Court's oft-repeated requirement of an autonomous judicial expression of the reasons for granting or denying post-conviction relief. *See, e.g.,*

*Commonwealth v. Williams*, 557 Pa. 207, 732 A.2d 1167, 1176 (1999); *Commonwealth v. Fulton*, 583 Pa. 65, 876 A.2d 342, 345 (2002); *Commonwealth v. DeJesus*, 581 Pa. 632, 868 A.2d 379, 382–83 (2005); *Commonwealth v. Millner*, 585 Pa. 237, 888 A.2d 680, 688 (2005); *see also Williams*, 732 A.2d at 1192 (Castille, J., concurring). Conahan's adoption of appellee's proposed findings was doubly improper to the extent that the document includes findings as to questions that were well beyond the scope of the hearing as delineated in this Court's December 28, 2007 opinion, which: reminded Conahan that he was to serve as this Court's master to make two discrete competence determinations; specifically directed Conahan "not to be diverted by tangential motions and assertions by counsel"; and emphasized that "**this** Court retain[ed] jurisdiction over such matters," *Commonwealth v. Banks*, 596 Pa. 297, 943 A.2d 230, 232, 239 (2007). *See, e.g.*, Determination on Competency Issues, 9/8/08, ¶ 30 (finding that appellee's prognosis is "hopeless"); *id.* ¶ 58 (finding that appellee has "general lack of competency" and requires next friend for purposes of any further proceedings); *id.* ¶ 59 (finding that appellee's mother, Mary Yelland, is appropriate next friend).

In the ordinary course, we would return the case to the hearing judge for an autonomous judicial expression, but such a course is unavailable here, as Conahan subsequently has been removed from the bench by order of this Court. Accordingly, while continuing to retain plenary jurisdiction, we refer this matter to the Honorable Chester B. Muroski, President Judge of the Court of Common Pleas of Luzerne County, for assignment to another judge of that court to hold a *de novo* competency hearing as expeditiously as possible. The trial court is referred to our decision in *Banks, supra,* concerning the very limited parameters of the hearing. *See supra.* A brief report on the progress of the proceeding is to be provided to this Court on a monthly basis. Jurisdiction retained.