J-S28037-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| HAROLD EUGENE FRY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SUSAN L. ADAMS, THE ESTATE OF | : | |
| GREGORY W. ADAMS, DECEASED, THE | : | |
| ESTATE OF BESSIE S. ADAMS, | : | |
| DECEASED, AND RICE DRILLING, LLC, | : | |
| | : | |
| APPEAL OF: SUSAN L. ADAMS, THE | : | |
| ESTATE OF GREGORY W. ADAMS, | : | |
| DECEASED, AND THE ESTATE OF | : | |
| BESSIE ADAMS, DECEASED | : | No. 1654 WDA 2016 |

Appeal from the Order October 19, 2016
in the Court of Common Pleas of Greene County
Civil Division at No(s):  No. 304 AD 2014

BEFORE:    OLSON, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY: STRASSBURGER, J.                **FILED JULY 11, 2017**

Susan L. Adams, the Estate of Gregory W. Adams, deceased, and the Estate of Bessie Adams, deceased[1] (collectively, Appellants) appeal from the order entered on October 19, 2016, which denied their petition to open the default judgment.[2]  We remand for proceedings consistent with this memorandum.

---

[1] "It is settled law that a decedent's estate cannot be a party to litigation unless a personal representative exists." **Prevish v. Nw. Med. Ctr. Oil City Campus**, 692 A.2d 192, 200 (Pa. Super. 1997).

[2] "Although orders of court denying motions to strike or petitions to open default judgments are interlocutory, Pennsylvania Rule of Appellate Procedure 311 provides that '[a]n appeal may be taken as of right … from [ ]

*Retired Senior Judge assigned to the Superior Court.

We provide the following background. On November 4, 2014, Harold Eugene Fry filed an amended complaint against Appellants and Rice Drilling, LLC. According to Fry, he and Raymond Fitzgerald were longtime friends, and Raymond Fitzgerald introduced Fry to Appellants for the purpose of purchasing land. In April 2010, Fry claims he entered into a sales agreement with Appellants and paid $3,200 for a tract of land (subject property), which included the oil, gas, and mineral rights (2010 Transaction). On September 18, 2012, Appellants sold the subject property to Raymond Fitzgerald and his wife, Dena Fitzgerald (the Fitzgeralds), while retaining half of the interest in the oil, gas, and mineral rights (2012 Transaction).

In April 2013, Fry learned from Raymond Fitzgerald that a deed had never been recorded as part of the 2010 Transaction. In September 2013, Appellants and the Fitzgeralds signed leases with Rice Drilling, LLC for the oil, gas, and mineral rights to the subject property. That lease included a bonus "in excess of [$100,000]." Amended Complaint, 11/4/2014, at § 19.

On April 25, 2014, Fry filed a complaint against Appellants, Rice Drilling, LLC, and the Fitzgeralds. After a set of preliminary objections, Fry filed an amended complaint against Appellants and Rice Drilling, LLC only on November 4, 2014. In that complaint, Fry set forth claims for specific performance, breach of contract, and quiet title. Appellants filed preliminary

[a]n order refusing to open, vacate or strike off a judgment.'" **Keller v. Mey**, 67 A.3d 1, 3 (Pa. Super. 2013).

- 2 -

objections to the amended complaint, and on March 9, 2015, the trial court entered an order, which provided the following.

> That Raymond and Dana Fitzgerald are the *bona fide* purchasers of the subject property, and
>
> That [Fry] is unable to seek specific performance, general warranty deed, and transfer of oil and gas rights, and
>
> That [Fry] failed to join [a] necessary and indispensable party to this matter by removing the Fitzgeralds as defendant, and
>
> Therefore, we sustain [Appellants'] preliminary objections and dismiss all counts.

Order, 3/9/2015 (unnecessary capitalization omitted).

Fry filed a motion for reconsideration, and for reasons not clear from the record, the trial court entered an order stating that Appellants' "preliminary objections are denied and further orders that [Appellants] file an answer within twenty (20) days." Order, 3/19/2015 (unnecessary capitalization omitted).

Appellants did not file an answer, but did file a motion to enforce a settlement agreement on June 19, 2015. The record does not reveal what occurred with respect to that motion, but the case was scheduled for several pre-trial conferences, all of which were continued. On February 10, 2016, Fry filed a notice of intention to file praecipe for entry of default judgment for failure to file an answer.

Additional pre-trial conferences were scheduled and continued, and on Friday, September 23, 2016, Fry filed a petition for default judgment. The

certificate of service shows that Fry sent the petition to Appellants via first-class mail on Friday, September 23, 2016, and noticed its presentation to the trial court for Monday, September 26, 2016.

On September 29, 2016, the trial court granted the petition and entered a default judgment against Appellants. On October 13, 2016, counsel entered an appearance on behalf of Appellants and filed a petition to open default judgment. In the petition, Appellants argued that they received the petition on September 27, 2016, and were therefore unable to attend the argument. Petition to Open Default Judgment, 10/13/2016, at ¶¶ 4, 5. Appellants averred they have counsel and are "prepared to file an answer to the amended complaint."[3] *Id*. at ¶ 6.

On October 17, 2016, Fry filed an answer to the petition. He stated that Appellants failed to appear at a court-ordered pre-trial conference scheduled for September 21, 2016, and after almost two years have still never filed an answer to the complaint. On October 19, 2016, the trial court entered an order denying Appellants' petition to open the default judgment.

---

[3] "Generally speaking, a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint." *Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 175–76 (Pa. Super. 2009). While the petition to open the default judgment was filed promptly, the petition neither averred an excuse for failing to file a responsive pleading, nor did the petition set forth a meritorious defense to the complaint. *See* Petition to Open Default Judgment, 10/13/2016.

Appellants filed timely a notice of appeal to this Court. The trial court ordered Appellants to file a concise statement of errors complained of on appeal, and Appellants complied and stated the following issue: "The [trial c]ourt erred in denying [Appellants'] petition to open default judgment without a hearing, as notice of the petition was not provided to [Appellants] prior to presentation to the [trial c]ourt." Concise Statement, 12/1/2016 (unnecessary capitalization omitted). The trial court filed a statement pursuant to Pa.R.A.P. 1925(a), which states the following, in its entirety: "The [trial c]ourt adopts [Fry's] answer to petition to open default judgment, docketed October 17th, 2016 as its opinion pursuant to Rule 1925(a). The Prothonotary is directed to transmit the record accordingly." Trial Court Opinion, 12/22/2016.

On appeal, Appellants raise only the issue presented in their concise statement, that the trial court erred in hearing the petition where Appellants did not receive notice of the presentation of the petition prior to the argument and in contravention of the Greene County Local Rules. Appellants' Brief at 14-17. However, we will not reach that argument at this time, and instead must remand this case to the trial court for its failure to undergo independent judicial determination by relying only on the answer filed by Fry as the basis for its Pa.R.A.P. 1925(a) opinion.

Our Supreme Court considered a similar situation in **Commonwealth v. Williams**, 732 A.2d 1167 (Pa. 1999). In that capital case, Williams

appealed to our Supreme Court from the denial of his Post Conviction Relief Act petition. The Supreme Court held that a remand was warranted because the PCRA court adopted the "Commonwealth's brief to supply the reasons for dismissal of [Williams'] petition." *Id*. at 1176. The Supreme Court went on to admonish the trial court as follows.

> We recognize the finite resources available to trial courts, and this Court has not prohibited the adoption of portions of a party's arguments in support of a judicial disposition. Certainly Pa.R.A.P. No. 1925(a) provides a degree of flexibility in this regard, permitting trial judges, where appropriate, to specify places in the record where reasons may be found for their decisions. We cannot, however, in this post-conviction case involving a review of the propriety of a death sentence, condone the wholesale adoption by the post-conviction court of an advocate's brief. … [T]he independent role of the judiciary cannot properly be served in this case absent some autonomous judicial expression of the reasons for dismissal.

*Id*.

In ***Commonwealth v. Fulton***, 876 A.2d 342 (Pa. 2002), our Supreme Court clarified that ***Williams*** was not limited to capital cases only.

> A central concern in our decisions in this area has to do with the proper function of the trial courts and the necessity of articulating the court's independent judicial analysis in support of dispositive orders so as to better focus appeals and better facilitate the appellate function. The need for such an independent judicial analysis does not depend upon the type of crime for which the defendant was convicted, as this function is no less defeated by the absence of independent judicial reasoning in a non-capital case than in a capital case. This is particularly so where, as here, the PCRA petition was summarily dismissed without a hearing. Accordingly, we hold that the rule in … ***Williams*** applies equally to non-capital criminal cases.

*Id*.

Finally, in **A.V. v. S.T.**, 87 A.3d 818 (Pa. Super. 2014), this Court expanded upon **Williams** and **Fulton** and applied them to a family law case. This Court reasoned that "[t]he trial court's decision to adopt Mother's post-trial brief, and the court's failure to articulate an individual reasoning, undercuts the proper function of trial courts and deprives this Court of an independent judicial analysis, capable of appellate review." **Id**. at 824.

Based upon the rationale presented in the aforementioned cases, we discern no basis for not applying it in this civil action such as this one. In light of the apparent procedural missteps in this case, which we have outlined *supra*, the trial court's adoption of Fry's answer to the petition to open default judgment leaves us without "independent judicial analysis" in trying to craft an appellate decision. **Id**.

Thus, we remand this case to the trial court to prepare an opinion.

Case remanded. Panel jurisdiction retained.