J-S27015-24

2024 PA Super 231

| IN RE: K.O.C., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: J.C., MOTHER | : | |
| | : | |
| | : | No. 1080 EDA 2024 |

Appeal from the Decree Entered February 12, 2024
In the Court of Common Pleas of Northampton County Orphans' Court at
No(s): A2023-0044

| IN RE: V.C.C., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: J.C., MOTHER | : | |
| | : | |
| | : | No. 1082 EDA 2024 |

Appeal from the Decree Entered February 12, 2024
In the Court of Common Pleas of Northampton County Orphans' Court at
No(s): A2023-0045

| IN RE: H.S.C., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: J.C., MOTHER | : | |
| | : | |
| | : | No. 1084 EDA 2024 |

Appeal from the Decree Entered February 12, 2024
In the Court of Common Pleas of Northampton County Orphans' Court at
No(s): A2023-0046

| IN RE: I.A.C., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: J.C. | : | |

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1086 EDA 2024 |

Appeal from the Decree Entered February 12, 2024
In the Court of Common Pleas of Northampton County Orphans' Court at
No(s): A2023-0047

|  |  |  |
|---|---|---|
| IN RE: L.S.C., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: J.C., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1088 EDA 2024 |

Appeal from the Decree Entered February 12, 2024
In the Court of Common Pleas of Northampton County Orphans' Court at
No(s): A2023-0048

|  |  |  |
|---|---|---|
| IN RE: N.C.C., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: J.C., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1090 EDA 2024 |

Appeal from the Decree Entered February 12, 2024
In the Court of Common Pleas of Northampton County Orphans' Court at
No(s): A2024-0002

BEFORE: LAZARUS, P.J., NICHOLS, J., and COLINS, J.[*]

OPINION BY LAZARUS, P.J.: **FILED OCTOBER 1, 2024**

---

[*] Retired Senior Judge assigned to the Superior Court.

J.C. (Mother) appeals from the decrees, entered in the Court of Common Pleas of Northampton County, involuntarily terminating her parental rights to her six minor children, K.O.C., V.C.C., H.S.C, I.A.C., L.S.C., and N.C.C. (collectively, Children).[1]  Because we strongly disapprove of a trial court's wholesale adoption of a party's proposed findings of fact and conclusions of law, without independent analysis, in a termination of parental rights matter,[2] we remand for the preparation of Pa.R.A.P. 1925(a)(2)(ii) opinion.

Following a termination hearing, held on February 12, 2024, the Honorable Jennifer S. Sletvold entered six separate decrees involuntarily terminating Mother's parental rights to each child pursuant to 23 Pa.C.S.A. §§ 2511(a)(1), (2), (5), (8), and (b) of the Adoption Act.[3]  Then, on February 29, 2024, Judge Sletvold entered an order directing CYS to "file Findings of Fact and Conclusions of Law in this matter within 30 days of the February 12, 2024 non-jury trial in these matters."  Order of Court, 2/29/24.  The order also directed that "[c]ourtesy copies [of the Findings of Fact and Conclusions of

---

[1] On May 7, 2024, our Court *sua sponte* consolidated the six separate appeals at Nos. 1080 EDA 2024, 1082 EDA 2024, 1084 EDA 2024, 1086 EDA 2024, 1088 EDA 2024, and 1090 EDA 2024.  **See** Pa.R.A.P. 513.

[2] Children's guardian *ad litem*, Leonard M. Mellon, Esquire, also joined in CYS' brief for purposes of appeal.  Because counsel expressed that it may create a conflict of interest for him to represent two of Mother's other children who are not parties to this appeal, E.J.C. and Z.C., the court appointed Brian Lawser, Esquire, to represent E.J.C.'s and Z.C.'s legal interests.  **See** 23 Pa.C.S.A. § 2313(a); **see also In re Adoption of L.B.M.**, 161 A.3d 172 (Pa. 2017) (where court finds guardian *ad litem* cannot adequately represent legal interests of child, counsel must be appointed).

[3] 23 Pa.C.S.A. §§ 2101-2938.

Law] shall be provided to the undersigned by emailing them to the undersigned's secretary[.]" *Id.*

On March 11, 2024, Mother contemporaneously filed a timely notice of appeal and Rule 1925(b) concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(a)(2)(i). On April 3, 2024, the trial court issued the following statement:

> **AND NOW**, this 3rd day of April 2024, upon receipt of the notice that [Mother] filed an appeal in this matter, and in consideration of [Mother's] "Pennsylvania Rule of Appellate Procedure Statement," simultaneously filed with the [n]otice of [a]ppeal on March 11, 2024, the undersigned states that[,] on February 1[4], 2024, this [c]ourt entered the [decree] that is the subject of this appeal. In that [decree], this [c]ourt terminated [Mother's] parental rights with respect to [the] Child[ren] subject to this appeal. Thereafter, on March 13, 2024, [CYS] submitted Proposed Findings of Fact and Conclusions of Law. **We fully incorporate and adopt those Findings of Fact and Conclusions of Law herein as a basis for this [c]ourt's reasons for the [decrees] subject to appeal.**

Statement in Support of Order Pursuant to Pa.R.A.P. 1925(a), 4/3/24 (emphasis added; footnote omitted).

On appeal, Mother presents six issues for our consideration alleging that the trial court erred in terminating her parental rights to Children where: she had been working toward fulfilling her parental duties by engaging in and satisfying goals; she was capable of and prepared to assume her role of parenting Children; severing her parent-child relationships would destroy necessary, beneficial, and existing relationships; termination does not serve Children's needs and welfare; and termination is not in the best interests of Children. *See* Mother's Brief, at 6.

- 4 -

Pennsylvania Rule of Appellate Procedure 1925(a) provides, in relevant part:

> In a children's fast track appeal[,] . . . [u]pon receipt of the notice of appeal and the concise statement of errors complained of on appeal required by Pa.R.A.P. 905(a)(2), **the judge who entered the order giving rise to the notice of appeal, *if the reasons for the order do not already appear of record*, shall within 30 days file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, which may, but need not, refer to the transcript of the proceedings**.

Pa.R.A.P. 1925(a)(2)(ii) (emphasis added). Here, rather than issue a written decision or place reasons on the record for terminating Mother's parental rights to Children, the trial judge chose wholesale adoption of CYS's findings of fact and conclusions of law to satisfy her obligation under Rule 1925(a). While not prohibited, our Supreme Court has repeatedly disapproved of a trial court adopting an advocate's brief in lieu of authoring an opinion in support of its disposition:

> We generally discourage the practice of wholesale adoption of facts or law as presented by litigants. ***Commonwealth v. Williams***, [] 732 A.2d 1167, 1176 (Pa. 1999) (admonishing PCRA court against wholesale adoption of one advocate's position at a critical stage of [] proceedings; calling for autonomous judicial expression of reasons for decision); ***Id.*** at 1192 (opining that appellate review should not proceed until PCRA court files a proper opinion) (Castille, J., concurring). Moreover, a fact-finding court should support its determinations with sufficient explanations of the facts and law, including specific citations to the record for all evidence on which it relies, and to the legal authority on which it relies, to facilitate appellate review.

***Commonwealth v. Weiss***, 986 A.2d 808, 816 n.4 (Pa. 2009) (citation omitted).

In **Williams**, **supra**, the defendant, who had been sentenced to death for first-degree murder, argued that it was error for a PCRA court to "incorporate the Commonwealth's brief to supply the reasons for dismissal of his [post-conviction] petition." 732 A.2d at 1176. In deciding to remand the matter, the Supreme Court stated:

> We recognize the finite resources available to trial courts, and this Court has not prohibited the adoption of portions of a party's arguments in support of a judicial disposition. Certainly[, Rule] 1925(a) provides a degree of flexibility in this regard, permitting trial judges, where appropriate, to specify places in the record where reasons may be found for their decisions. We cannot, however, in this post-conviction case involving a review of the propriety of a death sentence, condone the wholesale adoption by the post-conviction court of an advocate's brief.
>
> *     *     *
>
> Regardless of the validity of [] allegations [of misconduct by the Commonwealth], **the independent role of the judiciary cannot properly be served in this case absent some autonomous judicial expression of the reasons for dismissal.**

**Id.** (emphasis added; headnotes omitted).

In **Commonwealth v. Fulton**, 876 A.2d 342 (Pa. 2002), the Supreme Court noted that even in non-capital crime cases, a trial court's failure to issue its own considered opinion raises "[a] central concern [regarding] the proper function of the trial courts and the necessity of articulating the court's independent judicial analysis in support of dispositive orders so as to better focus appeals and better facilitate the appellate function." **Id.** at 345. Later, in **Commonwealth v. DeJesus**, 868 A.2d 379 (Pa. 2005), our Supreme Court recognized that:

- 6 -

> Indeed, in any case where the trial court fails to prepare an opinion that addresses the issues upon which it passed and which are raised by a party on appeal, the net result is the same: the appellate court is deprived of explication and guidance on those issues from the judicial entity most familiar with the matter. Moreover, the parties may be left without a meaningful context within which to make their arguments on appeal, particularly as to discretionary matters.

*Id.* at 383.

More recently, in *A.V. v. S.T.*, 87 A.3d 818 (Pa. Super. 2014), a custody case, our Court vacated and remanded the matter because the trial court's "wholesale adoption of Mother's post-trial brief[,] with only minor changes, . . . fail[ed] to articulate an individual reasoning, [and] . . . deprive[d] this Court of an independent judicial analysis, capable of [facilitating] appellate review." *Id.* at 824. Like in *A.V.*, we are faced with a trial judge who has completely abdicated her responsibility to provide an "independent judicial analysis [for purposes of our] appellate review." *Id.* We recognize the heightened import of this judicial duty in the context of family law matters, particularly termination of parental rights cases, where "the significant gravity of a termination of parental rights . . . has far-reaching and intentionally irreversible consequences for the parents and the child." *In re Adoption of C.M.*, 255 A.3d 343, 358 (Pa. 2021). *See In the Int. of K.T.*, 296 A.3d 1085, 1114 (Pa. 2023) (Supreme Court acknowledging, in termination of parental rights case, trial court need not recite "magic words" when conducting section 2511(b) analysis, but "has to make clear all of the foregoing factors were considered and the correct standard applied in weighing them[, which

includes,] foster[-]parent bond, pre[-]adoptive home, and need for permanency").

Here, the trial court gave no independent rationale, on the record, for its decision to terminate Mother's parental rights to her six children. *See* Pa.R.A.P. 1925, Note: Paragraph(a) (basis for some rulings will be clear from order and/or opinion issued by judge at time ruling made and, thus, no need to seek separate opinion from judge). We find that this dereliction of duty cannot be overlooked in light of the significant consequences of the trial court's decrees. *See In re C.M.*, 255 A.3d at 358 ("A parent's right to make decisions concerning the care, custody, and control of his or her children is among the oldest of fundamental rights.") (citations omitted). In the absence of a Rule 1925(a) opinion or, at a minimum, a statement from the trial judge explaining her individualized and considered reasons for terminating Mother's parental rights, this Court is unable to conduct meaningful appellate review. Thus, remand is the appropriate remedy.

Accordingly, we remand this matter to the Orphans' Court for preparation of an opinion, in compliance with Rule 1925(a)(2)(ii), within thirty days of the date of this opinion.[4]

Case remanded with instructions. Panel jurisdiction retained.

---

[4] We do not comment on the merits of Mother's issues on appeal at this juncture.

J-S27015-24

2024 PA Super 231

| | | |
|---|---|---|
| IN RE: K.O.C., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: J.C., MOTHER | : | |
| | : | |
| | : | No. 1080 EDA 2024 |

Appeal from the Decree Entered February 12, 2024
In the Court of Common Pleas of Northampton County Orphans' Court at
No(s): A2023-0044

| | | |
|---|---|---|
| IN RE: V.C.C., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: J.C., MOTHER | : | |
| | : | |
| | : | No. 1082 EDA 2024 |

Appeal from the Decree Entered February 12, 2024
In the Court of Common Pleas of Northampton County Orphans' Court at
No(s): A2023-0045

| | | |
|---|---|---|
| IN RE: H.S.C., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: J.C., MOTHER | : | |
| | : | |
| | : | No. 1084 EDA 2024 |

Appeal from the Decree Entered February 12, 2024
In the Court of Common Pleas of Northampton County Orphans' Court at
No(s): A2023-0046

| | | |
|---|---|---|
| IN RE: I.A.C., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: J.C. | : | |

|  |  |  |
|---|---|---|
|  | : | |
|  | : | |
|  | : | |
|  | : | |
|  | : | |
|  | : | |
|  | : | No. 1086 EDA 2024 |

Appeal from the Decree Entered February 12, 2024
In the Court of Common Pleas of Northampton County Orphans' Court at
No(s): A2023-0047

|  |  |  |
|---|---|---|
| IN RE: L.S.C., A MINOR | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
|  | : | |
| APPEAL OF: J.C., MOTHER | : | |
|  | : | |
|  | : | |
|  | : | |
|  | : | |
|  | : | |
|  | : | |
|  | : | No. 1088 EDA 2024 |

Appeal from the Decree Entered February 12, 2024
In the Court of Common Pleas of Northampton County Orphans' Court at
No(s): A2023-0048

|  |  |  |
|---|---|---|
| IN RE: N.C.C., A MINOR | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
|  | : | |
| APPEAL OF: J.C., MOTHER | : | |
|  | : | |
|  | : | |
|  | : | |
|  | : | |
|  | : | |
|  | : | No. 1090 EDA 2024 |

Appeal from the Decree Entered February 12, 2024
In the Court of Common Pleas of Northampton County Orphans' Court at
No(s): A2024-0002

BEFORE:   LAZARUS, P.J., NICHOLS, J., and COLINS, J.[*]

OPINION BY LAZARUS, P.J.:                    **FILED OCTOBER 1, 2024**

---

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

J.C. (Mother) appeals from the decrees, entered in the Court of Common Pleas of Northampton County, involuntarily terminating her parental rights to her six minor children, K.O.C., V.C.C., H.S.C, I.A.C., L.S.C., and N.C.C. (collectively, Children).[1]  Because we strongly disapprove of a trial court's wholesale adoption of a party's proposed findings of fact and conclusions of law, without independent analysis, in a termination of parental rights matter,[2] we remand for the preparation of Pa.R.A.P. 1925(a)(2)(ii) opinion.

Following a termination hearing, held on February 12, 2024, the Honorable Jennifer S. Sletvold entered six separate decrees involuntarily terminating Mother's parental rights to each child pursuant to 23 Pa.C.S.A. §§ 2511(a)(1), (2), (5), (8), and (b) of the Adoption Act.[3]  Then, on February 29, 2024, Judge Sletvold entered an order directing CYS to "file Findings of Fact and Conclusions of Law in this matter within 30 days of the February 12, 2024 non-jury trial in these matters."  Order of Court, 2/29/24.  The order also directed that "[c]ourtesy copies [of the Findings of Fact and Conclusions of

---

[1] On May 7, 2024, our Court *sua sponte* consolidated the six separate appeals at Nos. 1080 EDA 2024, 1082 EDA 2024, 1084 EDA 2024, 1086 EDA 2024, 1088 EDA 2024, and 1090 EDA 2024.  **See** Pa.R.A.P. 513.

[2] Children's guardian *ad litem*, Leonard M. Mellon, Esquire, also joined in CYS' brief for purposes of appeal.  Because counsel expressed that it may create a conflict of interest for him to represent two of Mother's other children who are not parties to this appeal, E.J.C. and Z.C., the court appointed Brian Lawser, Esquire, to represent E.J.C.'s and Z.C.'s legal interests.  **See** 23 Pa.C.S.A. § 2313(a); **see also In re Adoption of L.B.M.**, 161 A.3d 172 (Pa. 2017) (where court finds guardian *ad litem* cannot adequately represent legal interests of child, counsel must be appointed).

[3] 23 Pa.C.S.A. §§ 2101-2938.

Law] shall be provided to the undersigned by emailing them to the undersigned's secretary[.]" *Id.*

On March 11, 2024, Mother contemporaneously filed a timely notice of appeal and Rule 1925(b) concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(a)(2)(i). On April 3, 2024, the trial court issued the following statement:

> **AND NOW**, this 3rd day of April 2024, upon receipt of the notice that [Mother] filed an appeal in this matter, and in consideration of [Mother's] "Pennsylvania Rule of Appellate Procedure Statement," simultaneously filed with the [n]otice of [a]ppeal on March 11, 2024, the undersigned states that[,] on February 1[4], 2024, this [c]ourt entered the [decree] that is the subject of this appeal. In that [decree], this [c]ourt terminated [Mother's] parental rights with respect to [the] Child[ren] subject to this appeal. Thereafter, on March 13, 2024, [CYS] submitted Proposed Findings of Fact and Conclusions of Law. **We fully incorporate and adopt those Findings of Fact and Conclusions of Law herein as a basis for this [c]ourt's reasons for the [decrees] subject to appeal.**

Statement in Support of Order Pursuant to Pa.R.A.P. 1925(a), 4/3/24 (emphasis added; footnote omitted).

On appeal, Mother presents six issues for our consideration alleging that the trial court erred in terminating her parental rights to Children where: she had been working toward fulfilling her parental duties by engaging in and satisfying goals; she was capable of and prepared to assume her role of parenting Children; severing her parent-child relationships would destroy necessary, beneficial, and existing relationships; termination does not serve Children's needs and welfare; and termination is not in the best interests of Children. *See* Mother's Brief, at 6.

- 4 -

Pennsylvania Rule of Appellate Procedure 1925(a) provides, in relevant part:

> In a children's fast track appeal[,] . . . [u]pon receipt of the notice of appeal and the concise statement of errors complained of on appeal required by Pa.R.A.P. 905(a)(2), **the judge who entered the order giving rise to the notice of appeal, *if the reasons for the order do not already appear of record*, shall within 30 days file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, which may, but need not, refer to the transcript of the proceedings**.

Pa.R.A.P. 1925(a)(2)(ii) (emphasis added). Here, rather than issue a written decision or place reasons on the record for terminating Mother's parental rights to Children, the trial judge chose wholesale adoption of CYS's findings of fact and conclusions of law to satisfy her obligation under Rule 1925(a). While not prohibited, our Supreme Court has repeatedly disapproved of a trial court adopting an advocate's brief in lieu of authoring an opinion in support of its disposition:

> We generally discourage the practice of wholesale adoption of facts or law as presented by litigants. ***Commonwealth v. Williams***, [] 732 A.2d 1167, 1176 (Pa. 1999) (admonishing PCRA court against wholesale adoption of one advocate's position at a critical stage of [] proceedings; calling for autonomous judicial expression of reasons for decision); ***Id.*** at 1192 (opining that appellate review should not proceed until PCRA court files a proper opinion) (Castille, J., concurring). Moreover, a fact-finding court should support its determinations with sufficient explanations of the facts and law, including specific citations to the record for all evidence on which it relies, and to the legal authority on which it relies, to facilitate appellate review.

***Commonwealth v. Weiss***, 986 A.2d 808, 816 n.4 (Pa. 2009) (citation omitted).

In **Williams**, **supra**, the defendant, who had been sentenced to death for first-degree murder, argued that it was error for a PCRA court to "incorporate the Commonwealth's brief to supply the reasons for dismissal of his [post-conviction] petition." 732 A.2d at 1176. In deciding to remand the matter, the Supreme Court stated:

> We recognize the finite resources available to trial courts, and this Court has not prohibited the adoption of portions of a party's arguments in support of a judicial disposition. Certainly[, Rule] 1925(a) provides a degree of flexibility in this regard, permitting trial judges, where appropriate, to specify places in the record where reasons may be found for their decisions. We cannot, however, in this post-conviction case involving a review of the propriety of a death sentence, condone the wholesale adoption by the post-conviction court of an advocate's brief.
>
> *    *    *
>
> Regardless of the validity of [] allegations [of misconduct by the Commonwealth], **the independent role of the judiciary cannot properly be served in this case absent some autonomous judicial expression of the reasons for dismissal.**

**Id.** (emphasis added; headnotes omitted).

In **Commonwealth v. Fulton**, 876 A.2d 342 (Pa. 2002), the Supreme Court noted that even in non-capital crime cases, a trial court's failure to issue its own considered opinion raises "[a] central concern [regarding] the proper function of the trial courts and the necessity of articulating the court's independent judicial analysis in support of dispositive orders so as to better focus appeals and better facilitate the appellate function." **Id.** at 345. Later, in **Commonwealth v. DeJesus**, 868 A.2d 379 (Pa. 2005), our Supreme Court recognized that:

> Indeed, in any case where the trial court fails to prepare an opinion that addresses the issues upon which it passed and which are raised by a party on appeal, the net result is the same: the appellate court is deprived of explication and guidance on those issues from the judicial entity most familiar with the matter. Moreover, the parties may be left without a meaningful context within which to make their arguments on appeal, particularly as to discretionary matters.

*Id.* at 383.

More recently, in *A.V. v. S.T.*, 87 A.3d 818 (Pa. Super. 2014), a custody case, our Court vacated and remanded the matter because the trial court's "wholesale adoption of Mother's post-trial brief[,] with only minor changes, . . . fail[ed] to articulate an individual reasoning, [and] . . . deprive[d] this Court of an independent judicial analysis, capable of [facilitating] appellate review." *Id.* at 824. Like in *A.V.*, we are faced with a trial judge who has completely abdicated her responsibility to provide an "independent judicial analysis [for purposes of our] appellate review." *Id.* We recognize the heightened import of this judicial duty in the context of family law matters, particularly termination of parental rights cases, where "the significant gravity of a termination of parental rights . . . has far-reaching and intentionally irreversible consequences for the parents and the child." *In re Adoption of C.M.*, 255 A.3d 343, 358 (Pa. 2021). *See In the Int. of K.T.*, 296 A.3d 1085, 1114 (Pa. 2023) (Supreme Court acknowledging, in termination of parental rights case, trial court need not recite "magic words" when conducting section 2511(b) analysis, but "has to make clear all of the foregoing factors were considered and the correct standard applied in weighing them[, which

- 7 -

includes,] foster[-]parent bond, pre[-]adoptive home, and need for permanency").

Here, the trial court gave no independent rationale, on the record, for its decision to terminate Mother's parental rights to her six children. ***See*** Pa.R.A.P. 1925, Note: Paragraph(a) (basis for some rulings will be clear from order and/or opinion issued by judge at time ruling made and, thus, no need to seek separate opinion from judge). We find that this dereliction of duty cannot be overlooked in light of the significant consequences of the trial court's decrees. ***See In re C.M.***, 255 A.3d at 358 ("A parent's right to make decisions concerning the care, custody, and control of his or her children is among the oldest of fundamental rights.") (citations omitted). In the absence of a Rule 1925(a) opinion or, at a minimum, a statement from the trial judge explaining her individualized and considered reasons for terminating Mother's parental rights, this Court is unable to conduct meaningful appellate review. Thus, remand is the appropriate remedy.

Accordingly, we remand this matter to the Orphans' Court for preparation of an opinion, in compliance with Rule 1925(a)(2)(ii), within thirty days of the date of this opinion.[4]

Case remanded with instructions. Panel jurisdiction retained.

---

[4] We do not comment on the merits of Mother's issues on appeal at this juncture.

J-S27015-24

2024 PA Super 231

| IN RE: K.O.C., A MINOR | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: J.C., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1080 EDA 2024 |

Appeal from the Decree Entered February 12, 2024
In the Court of Common Pleas of Northampton County Orphans' Court at
No(s): A2023-0044

| IN RE: V.C.C., A MINOR | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: J.C., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1082 EDA 2024 |

Appeal from the Decree Entered February 12, 2024
In the Court of Common Pleas of Northampton County Orphans' Court at
No(s): A2023-0045

| IN RE: H.S.C., A MINOR | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: J.C., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1084 EDA 2024 |

Appeal from the Decree Entered February 12, 2024
In the Court of Common Pleas of Northampton County Orphans' Court at
No(s): A2023-0046

| IN RE: I.A.C., A MINOR | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: J.C. | : | |

                       :
                       :
                       :
                       :
                       :
                       :     No. 1086 EDA 2024

Appeal from the Decree Entered February 12, 2024
In the Court of Common Pleas of Northampton County Orphans' Court at
No(s): A2023-0047

| IN RE: L.S.C., A MINOR | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: J.C., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1088 EDA 2024 |

Appeal from the Decree Entered February 12, 2024
In the Court of Common Pleas of Northampton County Orphans' Court at
No(s): A2023-0048

| IN RE: N.C.C., A MINOR | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: J.C., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1090 EDA 2024 |

Appeal from the Decree Entered February 12, 2024
In the Court of Common Pleas of Northampton County Orphans' Court at
No(s): A2024-0002

BEFORE:   LAZARUS, P.J., NICHOLS, J., and COLINS, J.[*]

OPINION BY LAZARUS, P.J.:               **FILED OCTOBER 1, 2024**

---

[*] Retired Senior Judge assigned to the Superior Court.

J.C. (Mother) appeals from the decrees, entered in the Court of Common Pleas of Northampton County, involuntarily terminating her parental rights to her six minor children, K.O.C., V.C.C., H.S.C, I.A.C., L.S.C., and N.C.C. (collectively, Children).[1]  Because we strongly disapprove of a trial court's wholesale adoption of a party's proposed findings of fact and conclusions of law, without independent analysis, in a termination of parental rights matter,[2] we remand for the preparation of Pa.R.A.P. 1925(a)(2)(ii) opinion.

Following a termination hearing, held on February 12, 2024, the Honorable Jennifer S. Sletvold entered six separate decrees involuntarily terminating Mother's parental rights to each child pursuant to 23 Pa.C.S.A. §§ 2511(a)(1), (2), (5), (8), and (b) of the Adoption Act.[3]  Then, on February 29, 2024, Judge Sletvold entered an order directing CYS to "file Findings of Fact and Conclusions of Law in this matter within 30 days of the February 12, 2024 non-jury trial in these matters."  Order of Court, 2/29/24.  The order also directed that "[c]ourtesy copies [of the Findings of Fact and Conclusions of

_____

[1] On May 7, 2024, our Court *sua sponte* consolidated the six separate appeals at Nos. 1080 EDA 2024, 1082 EDA 2024, 1084 EDA 2024, 1086 EDA 2024, 1088 EDA 2024, and 1090 EDA 2024.  **See** Pa.R.A.P. 513.

[2] Children's guardian *ad litem*, Leonard M. Mellon, Esquire, also joined in CYS' brief for purposes of appeal.  Because counsel expressed that it may create a conflict of interest for him to represent two of Mother's other children who are not parties to this appeal, E.J.C. and Z.C., the court appointed Brian Lawser, Esquire, to represent E.J.C.'s and Z.C.'s legal interests.  **See** 23 Pa.C.S.A. § 2313(a); **see also In re Adoption of L.B.M.**, 161 A.3d 172 (Pa. 2017) (where court finds guardian *ad litem* cannot adequately represent legal interests of child, counsel must be appointed).

[3] 23 Pa.C.S.A. §§ 2101-2938.

Law] shall be provided to the undersigned by emailing them to the undersigned's secretary[.]" ***Id.***

On March 11, 2024, Mother contemporaneously filed a timely notice of appeal and Rule 1925(b) concise statement of errors complained of on appeal. ***See*** Pa.R.A.P. 1925(a)(2)(i). On April 3, 2024, the trial court issued the following statement:

> **AND NOW**, this 3rd day of April 2024, upon receipt of the notice that [Mother] filed an appeal in this matter, and in consideration of [Mother's] "Pennsylvania Rule of Appellate Procedure Statement," simultaneously filed with the [n]otice of [a]ppeal on March 11, 2024, the undersigned states that[,] on February 1[4], 2024, this [c]ourt entered the [decree] that is the subject of this appeal. In that [decree], this [c]ourt terminated [Mother's] parental rights with respect to [the] Child[ren] subject to this appeal. Thereafter, on March 13, 2024, [CYS] submitted Proposed Findings of Fact and Conclusions of Law. **We fully incorporate and adopt those Findings of Fact and Conclusions of Law herein as a basis for this [c]ourt's reasons for the [decrees] subject to appeal.**

Statement in Support of Order Pursuant to Pa.R.A.P. 1925(a), 4/3/24 (emphasis added; footnote omitted).

On appeal, Mother presents six issues for our consideration alleging that the trial court erred in terminating her parental rights to Children where: she had been working toward fulfilling her parental duties by engaging in and satisfying goals; she was capable of and prepared to assume her role of parenting Children; severing her parent-child relationships would destroy necessary, beneficial, and existing relationships; termination does not serve Children's needs and welfare; and termination is not in the best interests of Children. ***See*** Mother's Brief, at 6.

- 4 -

Pennsylvania Rule of Appellate Procedure 1925(a) provides, in relevant part:

> In a children's fast track appeal[,] . . . [u]pon receipt of the notice of appeal and the concise statement of errors complained of on appeal required by Pa.R.A.P. 905(a)(2), **the judge who entered the order giving rise to the notice of appeal,** *if the reasons for the order do not already appear of record*, **shall within 30 days file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, which may, but need not, refer to the transcript of the proceedings**.

Pa.R.A.P. 1925(a)(2)(ii) (emphasis added). Here, rather than issue a written decision or place reasons on the record for terminating Mother's parental rights to Children, the trial judge chose wholesale adoption of CYS's findings of fact and conclusions of law to satisfy her obligation under Rule 1925(a). While not prohibited, our Supreme Court has repeatedly disapproved of a trial court adopting an advocate's brief in lieu of authoring an opinion in support of its disposition:

> We generally discourage the practice of wholesale adoption of facts or law as presented by litigants. ***Commonwealth v. Williams***, [] 732 A.2d 1167, 1176 (Pa. 1999) (admonishing PCRA court against wholesale adoption of one advocate's position at a critical stage of [] proceedings; calling for autonomous judicial expression of reasons for decision); ***Id.*** at 1192 (opining that appellate review should not proceed until PCRA court files a proper opinion) (Castille, J., concurring). Moreover, a fact-finding court should support its determinations with sufficient explanations of the facts and law, including specific citations to the record for all evidence on which it relies, and to the legal authority on which it relies, to facilitate appellate review.

***Commonwealth v. Weiss***, 986 A.2d 808, 816 n.4 (Pa. 2009) (citation omitted).

In **Williams**, **supra**, the defendant, who had been sentenced to death for first-degree murder, argued that it was error for a PCRA court to "incorporate the Commonwealth's brief to supply the reasons for dismissal of his [post-conviction] petition." 732 A.2d at 1176. In deciding to remand the matter, the Supreme Court stated:

> We recognize the finite resources available to trial courts, and this Court has not prohibited the adoption of portions of a party's arguments in support of a judicial disposition. Certainly[, Rule] 1925(a) provides a degree of flexibility in this regard, permitting trial judges, where appropriate, to specify places in the record where reasons may be found for their decisions. We cannot, however, in this post-conviction case involving a review of the propriety of a death sentence, condone the wholesale adoption by the post-conviction court of an advocate's brief.
>
> * * *
>
> Regardless of the validity of [] allegations [of misconduct by the Commonwealth], **the independent role of the judiciary cannot properly be served in this case absent some autonomous judicial expression of the reasons for dismissal.**

**Id.** (emphasis added; headnotes omitted).

In **Commonwealth v. Fulton**, 876 A.2d 342 (Pa. 2002), the Supreme Court noted that even in non-capital crime cases, a trial court's failure to issue its own considered opinion raises "[a] central concern [regarding] the proper function of the trial courts and the necessity of articulating the court's independent judicial analysis in support of dispositive orders so as to better focus appeals and better facilitate the appellate function." **Id.** at 345. Later, in **Commonwealth v. DeJesus**, 868 A.2d 379 (Pa. 2005), our Supreme Court recognized that:

> Indeed, in any case where the trial court fails to prepare an opinion that addresses the issues upon which it passed and which are raised by a party on appeal, the net result is the same: the appellate court is deprived of explication and guidance on those issues from the judicial entity most familiar with the matter. Moreover, the parties may be left without a meaningful context within which to make their arguments on appeal, particularly as to discretionary matters.

*Id.* at 383.

More recently, in *A.V. v. S.T.*, 87 A.3d 818 (Pa. Super. 2014), a custody case, our Court vacated and remanded the matter because the trial court's "wholesale adoption of Mother's post-trial brief[,] with only minor changes, . . . fail[ed] to articulate an individual reasoning, [and] . . . deprive[d] this Court of an independent judicial analysis, capable of [facilitating] appellate review." *Id.* at 824. Like in *A.V.*, we are faced with a trial judge who has completely abdicated her responsibility to provide an "independent judicial analysis [for purposes of our] appellate review." *Id.* We recognize the heightened import of this judicial duty in the context of family law matters, particularly termination of parental rights cases, where "the significant gravity of a termination of parental rights . . . has far-reaching and intentionally irreversible consequences for the parents and the child." *In re Adoption of C.M.*, 255 A.3d 343, 358 (Pa. 2021). *See In the Int. of K.T.*, 296 A.3d 1085, 1114 (Pa. 2023) (Supreme Court acknowledging, in termination of parental rights case, trial court need not recite "magic words" when conducting section 2511(b) analysis, but "has to make clear all of the foregoing factors were considered and the correct standard applied in weighing them[, which

includes,] foster[-]parent bond, pre[-]adoptive home, and need for permanency").

Here, the trial court gave no independent rationale, on the record, for its decision to terminate Mother's parental rights to her six children. **See** Pa.R.A.P. 1925, Note: Paragraph(a) (basis for some rulings will be clear from order and/or opinion issued by judge at time ruling made and, thus, no need to seek separate opinion from judge). We find that this dereliction of duty cannot be overlooked in light of the significant consequences of the trial court's decrees. **See In re C.M.**, 255 A.3d at 358 ("A parent's right to make decisions concerning the care, custody, and control of his or her children is among the oldest of fundamental rights.") (citations omitted). In the absence of a Rule 1925(a) opinion or, at a minimum, a statement from the trial judge explaining her individualized and considered reasons for terminating Mother's parental rights, this Court is unable to conduct meaningful appellate review. Thus, remand is the appropriate remedy.

Accordingly, we remand this matter to the Orphans' Court for preparation of an opinion, in compliance with Rule 1925(a)(2)(ii), within thirty days of the date of this opinion.[4]

Case remanded with instructions. Panel jurisdiction retained.

_____

[4] We do not comment on the merits of Mother's issues on appeal at this juncture.